**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

LISA BENNETT, *et al.*,

   Plaintiffs,

    v.

TFORCE FREIGHT,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:23-CV-01596

JUDGE DAVID A. RUIZ

**MEMORANDUM OPINION AND
ORDER**

  *Pro se* Plaintiffs Lisa Bennett and JC Woodford, LLC ("Plaintiffs") filed this Complaint with the Court of Common Pleas for Cuyahoga County, Ohio. R. 5, Page ID#: 39-40. Based on Plaintiffs' allegations of an interstate carrier withholding their shipment, Plaintiffs request $250,000 in compensatory damages, in addition to punitive damages and possession of the machine. Because *pro se* complaints are held to a less stringent standard, the Court liberally construes this Complaint as asserting: (1) breach of contract and (2) intentional infliction of emotional distress. TForce Freight ("Defendant") removed this case to federal court (*id.*, PageID#: 51-53), and filed a Motion to Dismiss R. 4. Plaintiffs have not responded to Defendant's Motion. For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss.

1

# I.    Factual Allegations

*Pro se* Plaintiff Bennett is the owner of corporate Plaintiff JC Woodford, LLC ("JC

Woodford"). R. 5, Page ID#: 58. Collectively, Plaintiffs allege that on November 9, 2022, they

purchased a perfume maker and employed Defendant, a motor carrier, to ship the machine from

California to Ohio for $1,200. *Id*., Page ID#: 58, 60. On the same day, corporate Plaintiff JC

Woodford signed the bill of lading and individual Plaintiff Bennett listed herself as the contact

name. *Id*., Page ID#: 60. Plaintiffs allege that Defendant contacted them and changed the

delivery cost to $6,000. *Id*., Page ID#: 58. Plaintiffs state that they attempted to contact the

Defendant to compel the transfer of the machine but were unsuccessful because Defendant

continued to request $6,000. *Id*. Plaintiffs allege they lost $30,000 for the value of the machine

and $175,000 for loss of business. *Id*., Page ID#: 58-59. Plaintiffs demand relief through

obtaining possession of the machine and punitive damages. *Id.*, Page ID#: 59. There are no

factual allegations that Plaintiff paid for the machine or any delivery fees.

# II.    Standard of Review

When ruling upon a motion to dismiss filed under Feder Rule of Civil Procedure 12(b)(6), a

court must accept as true all the factual allegations contained in the complaint and construe the

complaint in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94

(2007); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need

not accept a conclusion of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain
> statement of the claim showing that the pleader is entitled to relief." As the Court held
> in [Bell Atl. Corp. v.] *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading
> standard Rule 8 announces does not require "detailed factual allegations," but it demands
> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127
> S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209
> (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a
complaint suffice if it tenders "naked assertion[s]" devoid of "further factual
enhancement." *Id.,* at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A
claim has facial plausibility when the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at
556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but
it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a
complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short
of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127
S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 544). *Pro
se* plaintiffs have a more lenient pleading standard but are not automatically entitled to proceed
to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

## III.    Analysis

Plaintiffs generally allege wrongdoing in the factual allegations but seem to assert that
wrongdoing as state law claims such as breach of contract and intentional infliction of emotional
distress. *See*, R. 5, Page ID#: 58-59, ¶ 8-11. Defendant argues that the Complaint should be
dismissed on three grounds: (1) Plaintiffs' claims are preempted by federal law, (2) *pro se*
Plaintiff Bennett has no standing to sue, and (3) corporate Plaintiff JC Woodford is prohibited
from litigating without counsel. R. 4, Page ID# 28. As noted above, Plaintiffs have not replied to
Defendant's arguments.

### a.  Preemption of State Law Claims

Defendant argues that the Carmack Amendment of the Interstate Commerce Act is the
sole remedy for cargo that has been damaged or lost by interstate motor carriers. *Id*., Page ID#:
23-25.  To that point, Defendant further asserts that because Plaintiffs contracted for interstate

shipping for machinery with Defendant, a motor carrier, that Plaintiffs are precluded from bringing state law claims for carrier liability. *Id.* Plaintiffs have not responded to Defendant's argument.

The Carmack Amendment of the Interstate Commerce Act provides a federal framework for carrier liability when a recipient's goods are lost or damaged. 49 U.S.C. § 14706; *Am. Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462, 465 (6th Cir. 1970). The Carmack Amendment provides the sole cause of action for claims arising from interstate shipping contracts.[1] *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) (finding Congress intended to supersede state regulating powers over liability of interstate carriers with the Carmack Amendment).

Long-settled Supreme Court precedent illustrates that the Carmack Amendment applies to liability arising from delay or failure to deliver goods. *Georgia, F. & A. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 195-96 (1916) (stating that the Carmack Amendment applied to a failure to make delivery); *Se. Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) ("The statute … applies to damages caused by delay in making delivery.").[2] Liability and preemption imposed by the Carmack Amendment is not impacted by whether the failure to deliver was accidental or purposeful. *CNA Ins. Co. v. Hyundai Merch. Marine Co.*, 747 F.3d 339, 353 (6th Cir. 2014) (asserting that the plaintiff-shipper does not need to determine how the loss or damage occurred to sue under the Carmack Amendment); *Renouf v. Aegis Relocation Co. Corp.*,

---

[1] Preemption is when federal law displaces or overrides state law. *Renouf v. Aegis Relocation Co. Corp.*, 641 F. Supp. 3d 439, 446 (N.D. Ohio 2022).

[2] The Supreme Court previously held that "failure to deliver goods" was not covered by the Carmack Amendment. *Atl. Coast Line R. Co. v. Riverside Mills*, 219 U.S. 186, 208 (1911); *Galveston, H. & S.A. Ry. Co. v. Wallace*, 223 U.S. 481, 490 (1912). However, later cases from the Supreme Court support that issues with delivery are encompassed within the Carmack Amendment. *Se. Express Co.*, 299 U.S. 29 (1936); *F. & A. Ry. Co.*, 241 U.S. 195-96 (1916).

641 F. Supp. 3d 439, 447 (N.D. Ohio 2022) (finding that the Carmack Amendment preemption embraces any loss from a carrier's failure to discharge their duty).

At issue here is a contract to ship machinery from California to Ohio; thus, the Carmack Amendment applies because this contract is for interstate delivery. R. 5, Page ID#: 58, ¶ 3; *see also, CNA Ins. Co.*, 747 F.3d at 355 (finding that when a contract requires delivery of goods to a different state via motor carrier, the Carmack Amendment applies). Plaintiffs allege that Defendant purposefully failed to deliver the machine, but whether the Defendant's failure to deliver was purposeful or accidental it is not relevant for determining preemption. *Id.* at 353. Even if Defendant may have incurred liability under the Carmack Amendment because of its failure to deliver, Plaintiffs have not pled sufficient factual allegations to establish a *prima facie* case. *Missouri Pac. R. Co. v. Elmore &* Stahl, 377 U.S. 134, 138 (1964) ("[I]n an action to recover from a carrier for damage to a shipment, the shipper establishes his *prima facie* case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages.").

Accordingly, because Plaintiffs' claims are preempted by the Carmack Amendment, Plaintiffs cannot raise state law claims for interstate carrier liability, whether those claims are raised specifically under interstate carrier liability or generally as a breach of contract claim. Therefore, dismissal is proper. *W. D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 424 (6th Cir. 1972) (holding that because plaintiff's claims were preempted, dismissal was proper).

### b.  Plaintiff Bennett's Statutory Standing

Defendant argues that individual Plaintiff Bennett has no statutory standing to sue because she is not on the bill of lading.[3] R. 4, Page ID#: 25-26; *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011) ("Where a plaintiff lacks statutory standing to sue, her claim should be dismissed for failure to state a claim upon which relief can be granted"). Defendant asserts that to have standing to sue under the Carmack Amendment, one must be "entitled to recover under the receipt or bill of lading," and that under Federal Rule of Civil Procedure 17(a)(1), Plaintiff Bennett has no standing because she is not a party in interest. R. 4, Page ID#: 26-27. Plaintiffs attached the bill of lading to the Complaint but have made no arguments supporting Plaintiff Bennett's standing to sue. R. 5, Page ID#: 60.

To establish standing, "a plaintiff must have suffered an injury in fact–an invasion of a legally-protected interest." *Excel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015). Defendant correctly states that one must be entitled to recover under the bill of lading to have statutory standing. R. 4, Page ID#: 26; 49 U.S.C. § 14706(a)(1). This entitlement to recovery under the bill of lading protects the shipper-carrier relationship by giving a shipper the statutory right-to-sue against a carrier. *Excel, Inc.*, 807 F.3d 140, 148-49.

That said, Defendant's cases cited to support dismissal for lack of stranding factually miss the mark. Defendant cites to cases[4] that involve brokers[5] who attempted to sue carriers, in which the courts concluded that the brokers had no standing. R. 4, Page ID#: 25-27. Defendant offers no argument or reasoning as to why individual Plaintiff Bennett should be treated as a

---

[3] "A bill of lading is 'the basic transportation contract between the shipper-consignor and the carrier.'" *Loves Express Trucking LLC v. Cent. Transp., LLC*, No. 14-14453, 2016 WL 4493674, at *5 (E.D. Mich. Aug. 26, 2016) (quoting *S. Pac. Transp. Co. v. Comm. Metals Co.*, 456 U.S. 336, 342 (1982).

[4] *Amark Logistics, Inc. v. UPS Ground Frieght, Inc*., No. 1:19-CV-2642, 2020 WL 248976, at *3 (N.D. Ohio Jan. 16, 2020); *United Rd. Logistics, LLC v. DVM Car Trans LLC*, No. 16-10641, 2016 WL 4011264, at *5 (E.D. Mich. July 27, 2016).

[5] A broker is a person or entity that regularly arranges for transportation of goods to shippers by finding carriers to deliver the goods. 49 U.S.C. § 13102(2); *Excel, Inc.*, 807 F.3d at 143.

broker. While the 6th Circuit is silent on the issue of standing, this Court has addressed this issue once before in *Northrich Co. v. Grp. Transp. Servs.*[6] In *Northrich Co.*, the purchaser of the damaged cargo did not appear on the bill of lading, and this Court held that if the party is absent on the bill of lading, then they have no standing to sue the carrier. *Id.* at *5.

However, *Northrich Co.* is not factually precisely on point because Plaintiff Bennett *does* appear on the bill of lading as a contact for Plaintiff JC Woodford. R. 5, Page ID#: 60. But, that said, Plaintiff Bennett appearing merely as a contact on the bill of lading is insufficient because she is not a party bound by any terms. Plaintiffs have not alleged any facts to show Plaintiff Bennett's personal involvement in the transaction.

Other courts have held a more lenient standard for plaintiffs who owned the damaged cargo or merely had a beneficial interest in the shipment; these courts found the plaintiffs had standing to sue, even if they did not appear on the bill of lading. *Consol. Pipe & Supply, Co. v. Rowe Transfer, Inc.*, No. 3:11-CV-622, 2013 WL 6504744, at *5 (E.D. Tenn. Dec. 11, 2013) (holding that the owner of the damaged cargo may "step into the shoes of the shipper" and sue the carrier); *Banos v. Eckerd Corp.*, 997 F. Supp 756, 762 (E.D. La 1998) (asserting that consignors, holders of the bill of lading, persons with beneficial interests in the shipment, and shippers all have standing to sue under the Carmack Amendment); *Bowden v. Philadelphia, B. & W.R. Co.*, 28 Del. 146 (Del. Super. Ct. 1914) (finding that a failure to hold the bill of lading does not defeat a right to recover).

However, even under this more lenient standard, Plaintiff Bennett has no standing to sue because she fails to plead factual allegations that establish a beneficial interest, separate from JC Woodford. The Complaint fails to allege information such as who purchased the machine, who

---

[6] *Northrich Co. v. Grp. Transp. Servs., Inc.*, No.1:13CV1161, 2015 WL 1291447 (N.D. Ohio Mar. 23, 2015).

owned the machine, assignment of shipper's rights to sue, or how Plaintiff Bennett was individually harmed. Under both the strict and lenient requirements for standing, Plaintiff Bennett fails to allege facts that would give her standing to sue, and therefore dismissal is proper.

### c. *Pro Se* Corporate Plaintiff JC Woodford, LLC

Defendant also argues that Plaintiff JC Woodford cannot appear *pro se* in this case because corporate entities are prohibited from appearing in federal court without an attorney. R. 4, Page ID#: 27-28); *Olagues v. Timken*, 908 F.3d 200, 204 (6th Cir. 2018) (finding that dismissal is proper if a corporate party fails to appear with counsel). Defendant relies on case authority from several circuit appellate courts that interpret 28 U.S.C. § 1654 and argues that this section is to be construed as only allowing *individual* plaintiffs to represent themselves in their personal capacity. 28 U.S.C. § 1654; R.4, Page ID#: 27. Plaintiffs have not responded with a counterargument.

28 U.S.C. § 1654 permits individual plaintiffs to represent themselves, and states in relevant part, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The Supreme Court and 6th Circuit have construed "parties" in § 1654 to exclude corporations, partnerships, associations, or other artificial entities. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). The 6th Circuit has held that a corporation may not be represented by an officer of the corporation, but may only appear in federal court with counsel. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this [c]ourt on behalf of the corporation."); *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 816 (N.D. Ohio 2008) ("[A] corporation cannot appear in federal court pro se, but must be represented by

counsel."). This prohibition of *pro se* representation for corporate plaintiffs applies equally to LLCs. *See*, *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (Bankr. N.D. Ohio 2001) ("[A]n LLC should be governed on this issue by the same rules that apply to [corporations and partnerships].").

Here, Corporate Plaintiff JC Woodford appears in federal court without legal representation, which is prohibited by 28 U.S.C. §1654. *Rowland*, 506 U.S. at 202. Alternatively, even if Plaintiff Bennett is viewed as attempting to represent Plaintiff JC Woodford, she is unable to represent the rights of any other person or entity besides herself. *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) *("[P]ro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action.");* *Ginger*, 426 F.2d at 1386 (finding that officers are barred from representing a corporation in place of an attorney). Because corporate plaintiffs must have legal representation to litigate in federal court, and Plaintiff JC Woodford is a corporate plaintiff that has not retained counsel, dismissal is proper.

## IV.    Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (R. 4) is hereby GRANTED. Accordingly, the case is dismissed without prejudice.

IT IS SO ORDERED.

Date: September 27, 2024                    s/ *David A. Ruiz*
                                                          David A. Ruiz
                                                          United States District Judge